## FISK & AL. vs. OFFIT & AL.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This is a suit instituted, to recover a balance of an account. Payment is refused by

If a commission merchant send an account current, in which a balance appears due from him, which he after-

East'n District,
*May* 1825.

Fisk & al.
*vs.*
Offit & al.

wards pays, he will not be allowed to recover it back on the ground that he sold his correspondent's cotton for a bill of exchange on N. York, which has since returned protested, if he did not before disclose this circumstance: especially if the correspondent consigned the cotton for a third party, to whom he has paid the proceeds.

the defendants, and a recovery opposed, on the ground of improper conduct by the plaintiffs in relation to one of the items in their account current which constitutes the balance claimed. Judgment was given in the court below in favor of the plaintiffs, and the defendants appealed.

The matter in dispute between the parties, is the price of 29 bales of cotton, which were sold by the appellees as factors or agents, for and on account of the appellants. The sale as shown by the evidence of the case, was made on credit, and a bill taken on New-York, at sixty days sight. The bill was drawn by one Smith, the purchaser, on a firm of which he was a partner, for $2085 70 cents, in favor of the plaintiffs, who discounted it and gave credit to the defendants in account, for the nett proceeds: it was protested for non-payment in consequence of the failure of the payees. The drawer it appears also became insolvent; and in the adjustment of his estate, the plaintiffs obtained $1000, on account of said bill, having appeared in the *concurso* as creditors of the insolvent in their own right, and leaving a loss of $1397 10 cents, including charges to be borne by one or other of the parties.

East'n. District.
*May* 1825.

FISK & AL.
*vs.*
OFFIT & AL.

The principal grounds of opposition to a recovery relied on by the counsel for the defendants, are: 1st. That factors or agents are not authorised by the usages of commerce in the city of New-Orleans to sell for their employers on credit, and cannot legally do so unless special authority be given to that effect. 2d. Admitting that the plaintiffs are justified by the usages of trade to sell the property of the constituents on credit; yet, in the present instance they have been guilty of misconduct, such as ought, in justice to place the loss on them, because they are chargeable with gross negligence in not giving information to the defendants in a reasonable time, of the manner in which they had disposed of the cotton now in dispute; by which negligence they have suffered in paying over the amount of the sum to Brashears, the real owner, 3d. By assuming the character of creditors on the bill of exchange and transacting with the insolvents, they have made the affair their own.

In relation to the first ground of defence, considered in the light of a general principle, usage, or custom of trade; we are of opinion that factors may sell on ordinary credit, by sales made in good faith, and to individuals of

good standing at the time of sale; and that they would not be responsible for losses occasioned by a subsequent failure of such purchasers; if they act with sufficient diligence in giving notice to their employers of the manner in which they may have executed their agency. Whether this authority, allowed by custom, to factors to sell on credit, would, under any circumstance, authorise them to take bills of exchange on distant places as evidence of the debt to their principals; and thereby subject the latter to losses which may arise, from negligence in presenting them; charges of damages on protests, &c. is a question worthy of consideration, and one which we think must be answered in the negative; unless full information be given to constituents of the manner in which their business has been transacted, and that in reasonable time for them to direct the mode in which they may choose to have bills thus drawn, negociated on their account. The right therefore legally assumed by factors and commission merchants to sell on credit, does not authorise them to sell for bills in such a manner as to subject the owners of the property to any loss which may be occasioned by mismanagement, in their collection, or to da-

East'n. District.
*May* 1825.
FISK & AL.
*vs.*
OFFIT & AL.

mages on protest, unless the persons for whose use they may have been received by their agents have full notice of the proceeding. The conclusion to which we have arrived on this point of the cause, would exonerate the defendants from all charges made on the bill in controversy on account of protest, &c., and reduce it to a simple obligation to pay the balance after deducting the sum obtained from the estate of the drawer, with interest from the judicial demand: because they had not notice of the manner in which payment for their property was secured. Nothing on the record shows that they received any information from the plaintiffs on the subject of this bill, until after its protest for non-payment.

The second ground of defence assumed by the appellants is based on the negligence of the appellees, in not giving notice that the sale which they had effected was on credit, but, on the contrary, by an exhibition of their account, it appears that the principals were credited with the price as a cash sale on the 3d of June, 1822, which led them into error, in paying over or crediting the amount of the price to the real owner from whom they had received the cotton as agents.

It is true, as contended for by the counsel, for the appellees, that this latter fact was not disclosed to them when the cotton was consigned. The case must be considered as if the property was really that of the consignors; and the circumstances of its being owned by another person, and of the intermediate agents having credited him with the price; can only be viewed as proof of the necessity, obligation, and consequent duty imposed on factors to give speedy, certain, and explicit advice to their employers of the manner in which they have conducted the business of the latter.

It is, most clearly, the duty of every person who undertakes to manage the affairs of another, to give due notice to his constituent, of the situation in which they are placed by his agency; more especially it is the duty of those who propose themselves to the whole community, as general agents or factors, to exhibit, in addition to adequate capacity, a ceaseless care of things entrusted to their management, both as to the manner in which they may be conducted, and in advising owners, of the real dispositions, made of their property. This we believe may be laid down as a general principle, resulting from legal doctrine on agency;

but its application, in administering justice, is
not without difficulty.

What effect negligence ought to have on the interest of agents in each individual case, must be decided in a great degree on its own peculiar circumstances. In that now under consideration, the plaintiffs sold the property of the defendants, on credit; they took a bill on New-York for the price, in their own favor; they obtained money on that bill; credited the defendants for the nett proceeds in their account with them, and did not give explicit information to the latter of these proceedings.

The consequence of this negligence was that the appellants credited the real owner with the price, which to them, if not lost forever, is at least put out of their power and immediate control. Let us admit then that factors and commission merchants in New-Orleans may sell the property of their principals on a reasonable credit; that they may sell it for bills of exchange such as are usual in the commercial transactions of the place. Still we are of opinion, thas when this is done, the principal ought to receive due information of the manner of sale, and that an account of sales rendered without stating that it was on credit, ought, in

East'n. District.
May 1825.

FISK & AL.
vs.
OFFIT & AL.

the ordinary course of business, to be considered as a sale for cash. It is highly important that the owner of property should know whether his agent has sold it for prompt payment or on credit; it is equally important that he should know the nature of the security by which the price may be secured, whether by bill or note. He has a right to direct the manner in which such instruments as belonging to him shall be negotiated, whether with, or without recourse on failure of payment by the original promissors. In the present case the defendants were, by the conduct of the plaintiffs precluded from the exercise of any of these rights; for they had no notice of the manner in which their property had been sold, or of the nature of the security of its price.

They have received the net proceeds according to the account current made evidence in the case. The action is in the nature of one to recover money paid through mistake or on an unjust cause. We are of opinion that the conduct of the plaintiffs has been such, in the management of this affair, as not to authorise a judgment in their favor. Having arrived at this conclusion on an examination of the appellants' two first points, it is unnecessa-

ry to discuss the third and last. *See* 3 *Camp-*
*bell's Reports, p.* 291, & *Paley on agency, ps.* 27, 5,
37, & 45.

In opposition to the doctrine contained in
the case cited from Campbell, the counsel for
the appellees has referred us to a case lately
decided in one of the courts of the the state of
New-York: it is one, according to the newspa-
per report, in which a factor had sold proper-
ty of his principal on credit, to the amount of
$187. The sale was made to persons in good
credit at the time, and a note taken for the
amount: the debtors failed before it became
due; and previous thereto a settlement of ac-
counts had taken place between the principal
and agent, and the latter gave his note for the
balance of account payable to the former at a
time subsequent to that on which the note giv-
en by the purchasers of the property would be
due. The principal had negociated the fac-
tor's note, which the latter paid at maturity,
and brought his action to recover the amount
lost by the bankruptcy of the purchasers. It
seems from the statement of the case that the
purchasers names had not been disclosed in
the amount of sales, &c. It does not appear
whether the fact of the property having been

sold on credit, was made known to the owner, but from the circumstance of the factor's note being made payable at a period subsequent to that on which the purchaser's note became due, it is presumed it was understood between the parties that the agent was not in possession of the funds of his principal arising from the sales of the property. In other words he knew that it had been sold on credit. In the present case it does not appear that the defendants knew or were informed that the property had been sold on credit. They were kept in total ignorance of the manner of the sale until both drawers and payees of the bill became bankrupts. The affair had the appearance of one finally settled in the account current, as if the sale had been made for cash.

We are of opinion that the plaintiffs by their conduct made the bill their own, and must as such bear the loss occasioned by it. Whatever weight may be allowed to the news-paper case, it is not so similar to that under consideration, as to be a guide in our judgment. We believe the principles recognised in the case cited from Campbell to be sound, and applicable to the present.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled, and that judgment be rendered for the defendants and appellants, with costs in both courts.

East'n. District.
*May* 1825.

FISK & AL.
*vs.*
OFFIT & AL.

*Eustis* & *Strawbridge* for the plaintiffs, *M'Caleb* for the defendants.